White, J.
After the dissolution of the firm neither partner was authorized to renew the firm notes. There was no express authority, and the law does not imply it. Palmer v. Dodge, 4 Ohio St. 21.
The question in the case is, whether the act of Isaac Wilson, one of the firm, in giving the note in suit, was so ratified as to bind the defendant for the amount of the firm notes surrendered on the renewal, with simple interest from that time.
In answering this question it is necessary in the first place to determine whether the note must be treated as an entirety, or whether it may not be apportioned according to the considerations for which it was given.
In Parish v. Stone (14 Pick. R. 198) it was decided tha' “ where a promissory note is given upon two distinct and independent considerations, and one is a consideration which the law deems valid and sufficient to support a contract, and *96 the other not, the note will be apportioned between the original parties, or such as have the same relative rights, and the holder will recover to the extent of the valid consideration and no further.”
It was said that “ the holder in such case recovers on the note, and not on the original consideration.”
In Darwell v. Williams (2 Starkie’s R. 145), the action was brought by the drawer of a bill for £19 5s. payable to his own order, against the acceptor. It appeared that the bill was accepted for value as to £10, and as an accommodation to the plaintiff as to the residue. Lord Ellenborough held “ that although with respect to third persons the amount of the bill might be £19 5s., yet as between these parties it was an acceptance of £10 only.”
The same principle was recognized by this court in Doty et al. v. The Knox County Bank, 16 Ohio St. 123. See also, Byles on Bills, s. p. 98; 1 Parsons on Notes and Bills, 211.
The considerations entering into the note now in question, are separate and distinct; and we see no good reason why the note may not be regarded as divisible, and held valid to the extent that the firm debts constituted the consideration, and invalid as to the residue.
If the note had been signed by the defendant personally upon the understanding that it embi’aced only the firm debts,, he would have been liable to the extent of such indebtedness. So also, if Isaac Wilson, the acting partner who gave the note, had been previously authorized by the defendant to renew the notes of the firm, and, in executing the authority, had, by mistake, given the note for too much, the invalidity would only have gone to the excess. In either case the notes, in legal effect, would be onlyjpro tanto the note of the defendant.
In this case there was no claim that the creditor, or the acting partner in making the note, intended any fraud. The evidence tended only to show that the note in question was given without the knowledge or authority of the defendant; that it included an individual note of a member of the firm *97 other than the one giving the note; and that the firm notes bore only six per cent, interest.
It is a maxim of the law that the subsequent ratification of an act has a retrospective effect, and is equivalent to a prior command. It is true that in order to bind the principal he-must ratify with a full knowledge of the material facts affecting his rights. But if the note can be apportioned, and is only enforcible to the extent of the firm indebtedness, the defendant had full knowledge, at the time of making the promise, of the facts affecting his liability.
At the time the note in question was given the firm notes were surrendered by the plaintiffs. The defendant received the benefit resulting to the firm from the surrender of the-old notes; and, from aught that appears, took no steps to pay them, as he ought to have done if they were regarded by him as outstanding liabilities of the firm.
On the question of ratification, the conduct of the defendant ought to be liberally construed in favor of the agent. Story on Agency, see. 253.
Under the circumstances, and in the absence of any intent to defraud, we think effect ought to be given to the promise of the defendant as a ratification to the extent that he in tended when he made the promise. This is but justice to the-creditor, and does no injustice to the defendant.

Judgment affirmed.

Brinxeehoff, C.J., and Scott, Welch, and Day, JJ., concurred.